**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BENJAMIN WILLIAMS, | : | |
| | : | Civil No. 10-6619 (RBK) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **OPINION** |
| UNITED STATES, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

    **BENJAMIN WILLIAMS**, Petitioner <u>pro se</u>
    #30580-160
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey 08320

    **MARK CHRISTOPHER ORLOWSKI, ESQ.**
    **OFFICE OF THE U.S. ATTORNEY**
    402 East State Street, Room 430
    Trenton, New Jersey 08608
    Counsel for Respondent

**KUGLER, District Judge**

    Petitioner, Benjamin Williams, a federal prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), filed this habeas petition pursuant to 28 U.S.C. § 2241, challenging his federal sentence. After receiving permission from this Court to do so, the Government filed a motion to dismiss the petition for lack of subject matter

jurisdiction.  (Docket entry no. 9).  Petitioner has not filed a reply or traverse to the Government's motion.

For the reason set forth below, the Court will grant the Government's motion and dismiss this habeas petition for lack of jurisdiction, as it is a prohibited second or successive motion under 28 U.S.C. § 2255.

## I.   BACKGROUND

Petitioner was convicted in the United States District Court for the Northern District of Ohio, for violations of 21 U.S.C. § 846, conspiracy to distribute and possess with intent to distribute cocaine, and of 21 U.S.C. § 922(g)(1), felon in possession of a firearm.  On September 21, 2006, the district court sentenced Petitioner to a prison term of 130 months with 5 years of supervised release on the first count, and a concurrent term of 120 months imprisonment, with three years supervised release, on the latter charge.  (Petition at page 4; United States v. Williams, No. 1:06-CR-116 (N.D. Ohio, March 7, 2006) at docket entry no. 71).

Petitioner did not challenge his sentence between the time of its imposition on September 21, 2006 through September 2010.  On September 24, 2010, Petitioner filed a Notice of Appeal to the United States Court of Appeals for the Sixth Circuit.  The Sixth Circuit dismissed the appeal as untimely given the lapse of more than four years after the judgment of conviction was entered in

the district court.  <u>United States v. Benjamin Williams</u>, No. 10-4218 (6th Cir., Dec. 1, 2010).

Thereafter, Petitioner filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, in the district court where he was sentenced.  The Government filed a motion to dismiss the motion as time-barred.  In an unpublished opinion, the district court granted the Government's motion and dismissed the § 2255 as untimely.  <u>See</u> <u>United States v. Williams</u>, 2011 WL 719140 (N.D. Ohio, Feb. 23, 2011).  Petitioner appealed from the district court's decision, but the appeal was dismissed as untimely.  <u>See</u> <u>Williams v. United States</u>, Civil No. 11-3606 (6th Cir., June 8, 2011, at docket entry no. 6).

Petitioner also filed a Rule 60(b)(6) motion before the district court, which the court construed as a request to file a second or successive § 2255 motion.  Consequently, the district court transferred the action to the Sixth Circuit for a determination as to whether Petitioner may file a second or successive § 2255 motion.  <u>See</u> <u>United States v. Williams</u>, Civil No. 10-2947 (N.D. Ohio).

Thereafter, on or about December 22, 2010, Petitioner filed the instant habeas petition pursuant to 28 U.S.C. § 2241, in which he challenges the execution of his sentence.  In particular, Petitioner alleges that the sentence enhancement imposed by the sentencing court pursuant to 21 U.S.C. § 851 should not have been imposed.  Further, Petitioner claims that

3

the sentencing court improperly attributed 5-15 kilograms of cocaine to Petitioner, rather than the less than 700 grams.

## II. DISCUSSION

### A. Standard of Review

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).[1]  That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### B. Jurisdiction

---

[1] United States Code Title 28, Section 2241, provides in pertinent part:

> (a) Writs of habeas corpus may be granted by the district courts within their respective jurisdictions
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless-   (3) He is in custody in violation of the Constitution or laws or treaties of the United States.

Here, it would appear that Petitioner is arguing that he is entitled to habeas relief under § 2241, irrespective of the fact that he had filed an earlier § 2255 motion before his sentencing court, as well as appeals to the Sixth Circuit, and a Rule 60(b)(6) motion, which had been denied as untimely.  Indeed, Petitioner never informed this Court as to the history of this litigation.  Rather, Petitioner attempts to couch his claims as a challenge to his sentence computation, which is cognizable under a § 2241 habeas petition, when in actuality, he is challenging the constitutionality of his 130-month sentence imposed by the sentencing court.

Typically, collateral challenges to a conviction or sentence are brought before the sentencing court, and not the district of confinement.  As noted by the United States Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir.1997), § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.[2]  See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F.

---

[2]  As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).

5

Supp. 144, 145-46 (E.D.Pa. 1997)(challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241). Generally, challenges to the validity of a federal conviction or sentence by motions under § 2255 must be brought before the Court which imposed the sentence. See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). In addition, before a second or successive § 2255 motion is filed in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition on the grounds of either (1) newly-discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense or (2) a new rule of constitutional law made retroactive by the Supreme Court. 28 U.S.C. §§ 2244(a), 2255.

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." In Dorsainvil, a case involving a Bailey claim, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier

opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

Thus, under Dorsainvil, this Court would have jurisdiction over Petitioner's action if, and only if, Petitioner demonstrates (1) his "actual innocence" (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct (3) for which he had no other opportunity to seek judicial review. 119 F.3d at 251-52; see also Okereke, 307 F.3d at 120; Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

In this case, Petitioner fails to demonstrate that he had no other opportunity to seek judicial review with regard to the claims now asserted in his petition. In fact, as noted above, Petitioner has not informed the Court that he attempted to challenge his sentence on similar grounds but was unsuccessful in

7

both his direct appeal and his first § 2255 motion.  Thus, it would appear that Petitioner is seeking yet another opportunity and a different court to challenge his sentence.  Petitioner also does not cite any retroactive change in substantive law that would negate the criminality of his conduct; and he plainly fails to show that he had no other opportunity to seek judicial review.  He further fails to show that there is "newly discovered evidence" that would negate his conviction.  See 28 U.S.C. § 2255(e)(2)(A)(ii).  Therefore, Petitioner has failed to demonstrate circumstances that would render § 2255 an inadequate or ineffective remedy.

At best, Petitioner would seem to argue that he has not had the opportunity to present his arguments for relief because his prior applications were denied as untimely.  Nevertheless, a prior unsuccessful motion to vacate or correct a sentence does not, of itself, demonstrate the inadequacy or ineffectiveness of the § 2255 remedy.  See Manna v. Schultz, 591 F.3d 664, 665 (3d Cir. 2010).  Moreover, the Third Circuit consistently has held that a § 2255 motion is not rendered "inadequate or ineffective" so as to allow invocation of a § 2241 habeas petition merely because the petitioner is "unable to meet the stringent gatekeeping requirements of the amended § 2255."  Okereke, 307 F.3d at 120; Cradle, 290 F.3d at 539; United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000).  See also United States v. McKeithan, 437 Fed. Appx. 148, 150 (3d Cir. 2011); Marmolejos v. Holder, 358 Fed. Appx. 289, 290 (3d Cir. 2009).

Consequently, this habeas petition fails to demonstrate any circumstances amounting to a "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements.  Therefore, this Petition must be considered a second or successive motion under § 2255, which Petitioner has not received authorization to file, and over which this Court lacks jurisdiction.[3]  28 U.S.C. § 2255.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

This Court finds that it would not be in the interests of justice to transfer this Petition to the Sixth Circuit given the considerable amount of time that has elapsed from Petitioner's last § 2255 motion, which shows lack of diligence on Petitioner's

---

[3] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Petitioner in this case already has filed an earlier § 2255 motion, and a Rule 60(b) motion that was construed as a second or successive § 2255 motion, both of which were addressed by the sentencing Court, and because the current petition is itself "second or successive," no purpose would be served by a Miller notice.

9

part in this case, and which itself was denied as untimely. Accordingly, this Petition will be dismissed for lack of jurisdiction.

### III. CONCLUSION

For the reasons set forth above, this habeas action will be dismissed with prejudice for lack of subject matter jurisdiction, because it is a second or successive § 2255 motion challenging petitioner's federal sentence. An appropriate order follows.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: September 10, 2012